# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| MICHAEL HENDRIX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV622-046 |
| ) | |
| GATES REED, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Michael Hendrix has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1-2.[1] He has requested leave to proceed *in forma pauperis*. *See* doc. 4. Although his IFP Motion is not presented on the standard form, it is sufficient for the Court to conclude that Hendrix lacks the funds to pay the required filing fee. *See*

---

[1] Hendrix's Petition was submitted on the standard form provided for § 2254 petitions. *See generally* doc. 1-2. In addition to the form, however, it includes a copy of the Court's Order dismissing a § 1983 case he filed. *See id.* at 15-16. A handwritten document, including a civil case initiation form from the Superior Court of Bulloch County, Georgia was also submitted with the Petition. *See* doc. 1. That document lists several "defendants," and asserts a state-law claim for "false imprisonment." *See id.* at 1. That document also includes a caption for Hendrix's now-dismissed § 1983 case. *See id.* at 2. The handwritten document clearly states that Hendrix "wishes to further pursue . . . post-conviction relief." *Id.* Given the completed § 2254 Petition and the reference to "post-conviction" relief, the Court construes Hendrix' pleading as a § 2254 petition.

*id.* at 1, 3. His Motion is, therefore, **GRANTED**. Doc. 4. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed.

Hendrix's Petition[2] states that he was convicted in the Superior Court of Bulloch County, Georgia in August 2021. *See* doc. 1-2 at 1. He states that he did not appeal his conviction. *Id.* at 2. He states that he did "seek further review by a higher state court." *Id.* at 2. Despite that characterization, the proceeding he refers to was a civil § 1983 complaint, filed in this Court. *See id.*; *see also Hendrix v. Peed*, 6:22-cv-001, doc. 16 (S.D. Ga. May 19, 2022) (order dismissing case). He asserts three grounds in the instant petition, though they are not entirely clear. *See* doc. 1-2 at 6-12. The first ground asserts "[d]ouble [j]eopardy," but also that he received ineffective assistance of counsel. *Id.* at 6-7. His second ground asserts that he received ineffective assistance of counsel, but it is

---

[2] As discussed above, Hendrix's pleading lists a number of individuals who were defendants in his § 1983 case. *See supra* n. 1. His Petition identifies the respondent as the State of Georgia. *See* doc. 1-2 at 1. Neither the named individuals nor the State are proper respondents. "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2, Rules Governing Section 2254 Cases. The Court might permit Hendrix to amend his Petition to name the proper respondent. *See, e.g., Retic v. United States*, 215 F. App'x 962, 965 (11th Cir. 2007). Since, as discussed below, he has clearly not exhausted his state remedies, any such amendment would be futile.

not entirely clear whether those allegations are the same or different from the ineffective assistance asserted in Ground One. *See id.* at 9. Finally, he asserts "false imprisonment." *Id.* at 10. Despite the ambiguous substance of Hendrix's claims, the Petition is absolutely clear that he neither asserted those grounds on direct appeal or in a state habeas proceeding. *See id.* at 8-11. He states that he is "currently in the process of filing a 'habeas petition," *id.*, but it is not clear whether that refers to a state proceeding or the instant Petition.

Before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Hendrix, by his own admission, has yet to do that. He must *fully* exhaust his "right under the law of the State to raise, by *any*

3

available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added).[3]

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED**. *See, e.g., Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) ("If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

---

[3] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 29th day of June, 2022.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia